**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SHAWN BUCKLEY,** | ) | |
| **#10702-025** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 18-cv-518-JPG** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CAPTAIN CRAMMER,** | ) | |
| **COLE,** | ) | |
| **OFFICER COOK,** | ) | |
| **OFFICER PHILLIPS,** | ) | |
| **OFFICER ROSS,** | ) | |
| **OFFICER HAWKINS, and** | ) | |
| **OFFICER SNYDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the United States Penitentiary in Leavenworth, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff raises claims pertaining to his detention at the Alton County Jail ("Jail"). The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Court must also consider whether misjoinder is an issue. The Court retains authority to sever unrelated claims against different defendants into one or more additional lawsuits for which Plaintiff will be assessed a filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. The Seventh Circuit strongly encourages district courts to use severance when faced with an omnibus or scattershot complaint, *Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017), and discourages courts from allowing a prisoner "to flout the rules for joining claims and defendants, *see* Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In a misjoinder situation, severance may occur before preliminary review, allowing the district court to create multiple suits, which can then be separately screened. *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012).

**The Complaint**

Plaintiff brings a number of complaints about conditions at the Jail. (Doc. 2, pp. 5-6). In connection with these claims, Plaintiff has identified the following individuals as defendants: (1) Captain Crammer; (2) Cole; (3) Officer Cook; (4) Officer Phillips; (5) Officer Ross; (6) Officer Hawkins; and (7) Officer Snyder. Plaintiff's claims are summarized below.

**Mental Health Treatment**

Plaintiff spoke with staff several times and asked to see a psychiatrist. (Doc. 2, p. 5). Specifically, Plaintiff asked Cook, Ross, Hawkins, Snyder, and Phillips if he could be seen by a psychologist or psychiatrist. *Id.* He explained that he was experiencing severe anxiety, depression, and was on the verge of a nervous breakdown. *Id.* He also "stressed the emergency of a mental breakdown." *Id.* His requests were refused. *Id.*

An exhibit attached to the Complaint indicates that, in October 2017, Plaintiff filed grievances pertaining to his mental health. (Doc. 2, p. 10). On October 7, 2017, Plaintiff claimed that he was having a "nervous breakdown" and that he needed to speak with a therapist or a crisis team. *Id.* Plaintiff indicates that he pushed the emergency button in his cell but Officer Cook told him she did not like him, she wished he was gone, and did not take any action. (Doc. 2, pp. 10-11). Plaintiff also indicates that, on October 10, 2017, he asked Officer Cook for help with a "medical emergency" and told her he was about to have a mental breakdown. (Doc. 2, p. 10). Officer Cook ignored Plaintiff and walked away. *Id.*

The grievance response indicates that Plaintiff had recently been seen by Dr. Arogona, Plaintiff's cell was under 24-hour surveillance for medical emergencies, and nothing further could be done unless and until the Jail received approval to have Plaintiff seen by a mental health professional. (Doc. 2, p. 10).

**Physician Prescribed Diet**

According to the Complaint, the food at the Jail was "not up to nutritional standards."[1] (Doc. 2, p. 5).  As a result, Dr. Arogona prescribed a "special diet" for Plaintiff.  *Id.*  Plaintiff claims that Officer Cook refused to honor his physician prescribed diet and that this went on for "weeks at a time."  *Id.*

**Medical and Nutritional Needs - Oral Surgery**

On September 11, 2017, Plaintiff had oral surgery, performed by an outside physician. (Doc. 2, pp. 5, 8).  Following the surgery, Plaintiff received aftercare instructions that included a liquid diet and "to have salt to care for the wound."  (Doc. 2, p. 5).  Instead of providing Plaintiff with a nutritionally adequate liquid diet, Officer Cook "purposely served" Plaintiff Garanimals Yogurt, a product made for children, for several days.  *Id.*  Plaintiff claims the yogurt provided insufficient nutrition and calories.

Plaintiff also claims that he developed an infection and dry socket.  (Doc. 2, p. 5).  As a result, Plaintiff felt "physically and emotionally drained."  *Id.*  Officer Cook called Plaintiff a "pussy" and said nothing was wrong with him.  *Id.*  Plaintiff's family called his physician's emergency care line.  *Id.*  At that point, Plaintiff's physician contacted the jail and Plaintiff was taken back to the physician.  *Id.*  The physician prescribed antibiotics.  *Id.*  Plaintiff claims that, had his family not contacted his physician, he would not have received the necessary follow-up care for his infection and dry socket.  *Id.*

A grievance attached to the Complaint provides additional facts pertaining to Plaintiff's interactions with Officer Cook following oral surgery.  According to the grievance, on September 16, 2017, Plaintiff told Officer Cook that he was in excruciating pain and needed ice.

---

[1] A grievance attached to the Complaint indicates Plaintiff was unhappy with the lack of fruit and other healthy food options.  (Doc. 2, p. 16).

(Doc. 2, p. 8).   Officer Cook told Plaintiff he was fine and refused to give him ice.   *Id.*[2]

Although not entirely clear, the grievance also suggests that Plaintiff may have told Officer Cook that his wound was not healing properly, that he had a fever (which he believed indicated he had an infection), and that he needed medical treatment.[3]   (Doc. 2, pp. 8-9).   According to the grievance, Officer Cook did not seek medical treatment for Plaintiff and told Plaintiff to "stop being such a sissy."   (Doc. 2, p. 8).   Another grievance attached to the Complaint indicates that Officer Cook "laughed" when Plaintiff complained about the pain associated with his oral surgery.   (Doc. 2, p. 19).

**Religious Services**

Religious services and bible studies were not available on Sundays.   (Doc. 2, p. 6).   Plaintiff claims he asked Ross and Cook about this issue several times and/or asked Ross and Cook if he could speak with Crammer about this issue.   However, Plaintiff does not describe their response.

**Failure to Respond to Complaints**

Plaintiff asked "Lt. & the Captain several times to speak with [them] about these issues," but got no response.   (Doc. 2, p. 5).   However, Captain Crammer did respond to one of Plaintiff's complaints about "the food."   *Id.*

**Vague Allegations – Law Library and Cleaning Products**

The Complaint includes two incredibly vague allegations about the law library and cleaning materials.   According to the Complaint, Plaintiff "would also like to address [illegible] a legal law library or access to my legal help while facing charges on the federal level."   (Doc. 2,

---

[2] The grievance was deemed "non-grievable" because the "doctor stated further medical attention not needed. Ice only needed 24 hours after surgery."   (Doc. 2, p. 8).
[3] It is not entirely clear whether Plaintiff relayed these complaints to Officer Cook or if he is relaying these complaints, for the first time, to the individual reading the grievance.

pp. 5-6). As to cleaning materials, Plaintiff merely states that inmates did not receive "MSDS Sheets" and that inmates had to share the same mop bucket, which became dirty after several uses. (Doc. 2, p. 6).

**Surveillance Cameras**

According to the Complaint, the Jail was equipped with cameras that recorded inmates both in their cells (all cells were equipped with overhead cameras) and in the bathrooms (there was a camera that could see Plaintiff while he was in the restroom). (Doc. 2, p. 5). Plaintiff claims that being recorded both in his cell and in the bathroom violated his constitutional rights. *Id.* Plaintiff does not associate this claim with any particular individual.

## <u>Division of Counts</u>

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[4]

> **Count 1 –** Fourteenth Amendment claim against Cook, Ross, Hawkins, Snyder, and Phillips for refusing Plaintiff's requests for mental health treatment.
>
> **Count 2 –** Fourteenth Amendment claim against Cook for refusing to honor Plaintiff's dietary plan, as ordered by a physician.
>
> **Count 3 –** Fourteenth Amendment claim against Cook for disregarding Plaintiff's medical and nutritional needs, following Plaintiff's oral surgery.

---

[4] This includes Plaintiff's incredibly vague allegations pertaining to the law library and cleaning supplies.

**Count 4 –** First Amendment claim against Ross and Cook in connection with the lack of religious services on Sundays.

**Count 5 –** Claim against Crammer for failing to respond to Plaintiff's grievances.

**Count 6 –** Fourteenth Amendment claim against Unknown Party for using surveillance cameras to monitor Plaintiff in his cell and in the bathroom.

### Dismissal of Cole

Although Cole is identified as a defendant in the case caption, he is not referenced in the body of the Complaint. Accordingly, Cole shall be dismissed from the action without prejudice. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

### Dismissal of Count 5

At the outset, the Court finds that Count 5 is subject to dismissal. Plaintiff claims that he asked to speak with Captain Crammer[5] several times about "these issues," after he "grieved and got no response except one for the food." (Doc. 2, p. 5). This allegation, standing alone, states no claim. *See, e.g., Owens v. Evans,* No. 16-1645, 2017 WL 6728884, at *3 (7th Cir. Dec. 13, 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). However, an official may be subject

---

[5] He also claims he asked to speak with the lieutenant. (Doc. 2, p. 5). However, it is not clear which, if any, of the Defendants Plaintiff is referring to.

to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996).

With respect to Count 5, the claims pertaining to Captain Crammer suggest nothing more than his involvement in the grievance process. There is no indication that Crammer is subject to liability under the standard articulated in *Perez* or related authority. As such, Plaintiff's claims pertaining to Crammer fall short of stating a constitutional claim and shall be dismissed without prejudice. As this is the only claim directed against Captain Crammer, he shall be dismissed from the action without prejudice.

## **Improper Joinder and Severance**

As previously noted, district courts are obligated to apply Rule 20 to prevent improperly joined parties from proceeding in a single case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George*, 507 F.3d at 607; 3A Moore's Federal Practice § 20.06, at 2036–2045 (2d ed.1978).

Only after the requirements for joinder of parties have been satisfied under Rule 20 may a plaintiff use Rule 18 to join unrelated claims against the multiple defendants. *Intercon Research Assn., Ltd. v. Dresser Ind ., Inc*., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure). In other words, only once the core set of defendants has been determined under Rule 20 may a plaintiff join additional unrelated claims against one or

more of those defendants under Rule 18.

In the instant case, Plaintiff has asserted a Fourteenth Amendment claim pertaining to mental health treatment (Count 1) against Cook, Ross, Hawkins, Snyder, and Phillips (the "core" defendants). Counts 2 through 4, directed against Cook and/or Ross, are not transactionally related to Count 1. However, because Cook and Ross are also named in Count 1, Rule 18 allows Plaintiff to bring unrelated claims against them in a single action. Accordingly, Counts 1 through 4 are properly joined in the same action.

The same cannot be said for Count 6. Count 6 is an unrelated claim that is not associated with any particular defendant. Additionally, this claim, which pertains to cameras at the Jail, does not appear to be directed against any of the core defendants, who are described as officers or jailers. As such, Count 6 shall be severed into a new action. The Clerk of the Court cannot open a new action in CM-ECF without naming a defendant. Accordingly, as an administrative matter, the severed case will be opened in CM-ECF as against "Unknown Party." Plaintiff may be given leave to amend in the severed case so that he may properly name the relevant defendant or defendants. The separate action will have a newly assigned case number, shall be assessed a filing fee, and shall undergo preliminary review pursuant to § 1915A.

Counts 1 through 4, which appear, at least tenuously, to be appropriately joined under Rules 20 and 18, shall remain in this action. These Counts shall receive preliminary review in a separate order, filed contemporaneously herewith.

## **Pending Motion**

Plaintiff has a pending motion on file with the Court (Doc. 7). The Court will address the pending motion in its preliminary review of Counts 1 through 4, which will be addressed in a separate order.

## Disposition

### Dismissal of Count 5 and Defendants Cole and Captain Crammer

**IT IS HEREBY ORDERED** that **COUNT 5** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  In connection with this dismissal, **CAPTAIN CRAMMER** is **DISMISSED** from the action without prejudice, and the Clerk of the Court is **DIRECTED** to terminate him as a party in CM/ECF.

**IT IS HEREBY ORDERED** that **COLE** is **DISMISSED** from the action without prejudice for failure to state a claim upon which relief may be granted, and the Clerk of the Court is **DIRECTED** to terminate him as a party in CM/ECF.

### Severance

**IT IS HEREBY ORDERED** that **COUNT 6** (against **UNKNOWN PARTY**) **is SEVERED** into a new case.

**IT IS FURTHER ORDERED** that the **only claims remaining in this action, are COUNTS 1 through 4**.

### Newly Severed Case

The claims in the newly severed case shall be subject to screening pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made.  In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 2); and
- Plaintiff's motion to proceed *in forma pauperis* (Doc. 3)

Plaintiff **will be responsible for an additional $350 filing fee** in the newly severed

case.[6] No service shall be ordered in the severed case until the § 1915A review is completed.

**Merits Review of Counts 1 -4**

These Counts shall receive preliminary review in a separate order, filed contemporaneously herewith.

**IT IS SO ORDERED.**

**DATED: April 9, 2018**

**s/J. Phil Gilbert**
**United States District Judge**

---

[6] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status is granted.