IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN BUCKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−0883−JPG |
| UNKNOWN PARTY ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Shawn Buckley, an inmate in USP Leavenworth, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at the Alton Law Enforcement Center. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### **The Complaint**

This case has a long procedural history. Plaintiff originally filed suit with 6 other named plaintiffs on October 10, 2017 in case No. 17-cv-1085-JPG ("17-1085"). That complaint was dismissed without prejudice on January 10, 2018 for failure to state a claim. (17-1085, Doc. 29). In lieu of submitting an amended complaint together, the remaining plaintiffs submitted individually-signed amended complaints alleging facts unique to them. (*See, e.g.*, 17-1085, Doc. 36). On February 28, 2018, the Court severed the action as improperly joined. (17-1085, Doc. 43). Plaintiff Buckley's complaint was severed into Case No. 18-cv-518-JPG-SCW ("18-518"). After that action underwent threshold review, it was determined that Plaintiff's individual claims were not properly joined, and the Court opened the present action on April 11, 2018. (Doc. 1).

Specifically, the Court designated Count 6 for this action. As relevant to that claim, Plaintiff alleges that he was under video surveillance when he used the bathroom and while changing. (Doc. 2, p. 5). All cells at the Alton Law Enforcement Center were equipped with cameras. *Id*. While the severance order designated this claim against an unknown party,

2

Plaintiff has since clarified that the unknown party is Captain Crammer, and that he was in charge of the cameras at the jail. (Doc. 6).

## Discussion

The severance Order designated 1 claim for this action:

**Count 6 – Fourteenth Amendment claim against Unknown Party (Crammer) for using surveillance cameras to monitor Plaintiff in his cell and in the bathroom.**

It is not clear exactly what Plaintiff's status was at the time of the alleged incident; records from this Court suggest that he was in the Alton Law Enforcement Center after the revocation of his supervised release. *See United States v. Shawn Buckley*, 13-cr-30201-DRH-6 (S.D. Ill). The Court's prior order assumed that Plaintiff's claims arose under the Fourteenth Amendment, and not the Eighth Amendment. The Due Process clause of the Fourteenth Amendment prohibits punishment of persons who have not yet been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 536, n. 16 (1979); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988). However, there is "little practical difference" under the Fourteenth Amendment from claims brought pursuant to the Eighth Amendment. *Smith*, 803 F.3d at 310. Claims brought pursuant to the Fourteenth Amendment may be analyzed under Eighth Amendment standards. *Id*. (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."); *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005) ("[T]he standards applicable to

complaints by convicts and by pretrial detainees about unsafe conditions of confinement merge.")) (other citations omitted). [1]

Prisoners have no reasonable expectation of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517, 525-30 (1984); *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995). The *Hudson* Court found that, "[a] right of privacy . . . is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." 468 U.S. at 527-28. These security concerns apply equally to detainees, who do not have the right to be free from reasonable surveillance. *Courtney v. Marion County Jail*, No. 13-cv-302-JPG, 2013 WL 1663877 at *1 (S.D. Ill. April 17, 2013) *reversed on other grounds* 595 F. App'x 618 (7th Cir. 2014). However, conduct may rise to the level of a constitutional claim if the conduct was intended to harass instead of as a means of meeting legitimate penological interests. *Courtney v. Devore*, 595 F. App'x 618, 619 (7th Cir. 2014); *Peckham v. Wisconsin Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998). The Seventh Circuit has specifically found that the monitoring of naked prisoners, while showering, using the toilet, or undressing is constitutional due to the constant vigilance required by the corrective environment. *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995).

All Plaintiff has alleged here is that guards were able to observe him while he used the toilet, and while he was dressing and undressing. There is no allegation that the guards put him in that position in order to harass him; in fact, Plaintiff has alleged that all inmates of the Alton Law Enforcement Center were subjected to the same conditions. As Plaintiff has not made any

---

[1] In *Kingsley v. Hendrickson*, the Supreme Court held that the appropriate standard on an excessive force claim brought by a pre-trial detainee was the less-stringent "objectively unreasonable" standard of the Fourteenth Amendment. 135 S.Ct. 2466 (2015). This has created some ambiguity in more recent Seventh Circuit case law about the propriety of applying the Eighth Amendment standard to claims raised by pre-trial detainees, although at this stage, the Seventh Circuit has not definitively addressed the issue or overruled its prior precedent. *See, e.g.*, *Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016); *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856-58 (7th Cir. 2017); *Collins v. Al-Shami*, 851 F.3d 727 (7th Cir. 2017).

4

allegations that he was being harassed for an improper purpose, he has not stated a constitutional claim. Moreover, as the present Compliant was submitted in compliance with the Court's order directing Plaintiff to submit an amended complaint to correct a prior failure to state a claim in 17-1085, Plaintiff no longer has a right to amend once as a matter of course pursuant to Fed. R. Civ. P. 15. Accordingly, the Complaint will be dismissed with prejudice for failure to state a claim.

### Pending Motions

On May 16, 2018, Plaintiff filed a Motion "to Amend Doc. #5." (Doc. 6). The Motion requests that Crammer be substituted for the unknown party listed on the docket. *Id*. The Motion further requests that the Court join the claims in this suit back to 18-518, and un-do the prior order severing this action. *Id*. Plaintiff filed an identical motion in 18-518, which was denied by the undersigned on June 26, 2018. (18-518, Doc. 20).

Plaintiff's request that Crammer be substituted for "Unknown Party" is **GRANTED**. The Clerk of Court is directed to change "Unknown Party" to "Capt. Crammer." The remainder of Plaintiff's Motion is **DENIED** for the reasons stated in the undersigned's order in Case No. 18-518 at Doc. 20, which is hereby incorporated by reference. The Court continues to find the cases properly severed pursuant to Fed. R. Civ. P. 18 and 20.

### Disposition

**IT IS HEREBY ORDERED** that the case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is assessed a strike pursuant to 28 U.S.C. 1915(g). Plaintiff's Motion to Amend is **GRANTED in part** and **DENIED in part**. (Doc. 6). The Clerk of Court is **DIRECTED** to change "Unknown Party" to "Capt. Crammer." Plaintiff's request for joinder is **DENIED**. (Doc. 6).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court shall enter judgment and close this case.

**IT IS SO ORDERED.**
**DATED: July 3, 2018**

                 <u>s/J. Phil Gilbert</u>
                 **U.S. District Judge**